**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Omar COLLINS, Defendant-Appellant.**

**No. 15671.**

United States Court of Appeals
Sixth Circuit.

July 7, 1964.

Omar Collins, in pro. per.

William E. Scent, U. S. Atty., John E. Stout, Asst. U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and GRAY, District Judge.

PER CURIAM.

The trial court allowed this appeal in forma pauperis on a motion filed by the appellant's trial counsel, who has not since appeared. No motion for a transcript was made under 28 U.S.C. § 753

(f). No motion for appointment of appellate counsel has been made, and the appellant has filed his own briefs from prison in Terre Haute, Indiana.

The government apparently concedes that the appeal should be treated as properly presenting five questions: (1) the sufficiency of the evidence; (2) the admissibility of the appellant's extrajudicial statement of May 28, 1963; (3) the admissibility of evidence obtained without a search warrant; (4) alleged denial of a speedy trial; and (5) whether the trial judge's instruction to the jury to disregard certain testimony was sufficient to cure error in its admission.

■ The technical record before the court is insufficient to permit determination of these questions. Statements in the government's brief, however, supplement the record in such manner as to indicate that the issue of the admissibility of the appellant's extra-judicial statement might fall within the ambit of Massiah v. United States, 84 S.Ct. 1199 (No. 199, May 18, 1964), a decision the trial court did not have before it when the statement was admitted. The trial court should be given an opportunity to reconsider its ruling in the light of that decision.

■ This presents some technical difficulties because the motion for new trial was not filed in the trial court within five days after verdict as required by Rule 33, Federal Rules of Criminal Procedure; see Hamel v. United States, 135 F.2d 969 (6th Cir. 1943). However, this court is authorized by 28 U.S.C. § 2106 to "require such further proceedings to be had as may be just under the circumstances."

The case therefore will be remanded to the District Court for reconsideration of its ruling on the admissibility of the appellant's extra-judicial statement. If that court should determine that the admission of the statement was error, it should vacate its judgment and enter such order as it deems appropriate.

Upon certification to us of disposition of the issue in favor of the appellant, the

 

appeal will be dismissed. If the District Court adheres to its former ruling, the case will be reinstated on the docket here with leave to the appellant to request preparation of an adequate transcript and appointment of counsel if he should so desire, 28 U.S.C. §§ 753(f) and 1915 (d); see Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Boruff v. United States, 310 F.2d 918 (5th Cir. 1962).

Remanded for further proceedings in conformity herewith.