**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Omar COLLINS, Defendant-Appellant.
No. 15671.**

United States Court of Appeals
Sixth Circuit.

Aug. 5, 1965.

John J. Cowan (Court appointed), Cincinnati, Ohio, for appellant.

John E. Stout, Asst. U. S. Atty., Louisville, Ky. (William E. Scent, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before WEICK, Chief Judge, and CECIL and EDWARDS, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from a conviction in the United States District Court for the Western District of Kentucky at Louisville, upon a three-count indictment charging the defendant-appellant, Omar Collins, with transporting in interstate commerce three falsely made checks in violation of Section 2314, Title 18, U.S.C. The appellant, represented by a lawyer of his own choosing, was tried before a jury and found guilty on all three counts of the indictment. He was sentenced to serve five years on each count, the sentences to run concurrently.

The appellant was arrested at a motel in Louisville, Kentucky, on May 24, 1963, by four agents of the Federal Bureau of Investigation. The arrest was made on a warrant issued in Detroit and in the hands of the F.B.I. of that city. The warrant had not yet reached Louisville but its contents had been communicated to the F.B.I. at Louisville. At the time of his arrest, the appellant had in his possession paraphernalia and material commonly used by a "professional check artist," including the checks which are the subject of the conviction from which this appeal is taken. A warrant was issued in Louisville on May 27, 1963, charging the appellant with offenses arising out of the possession of these checks. The Detroit warrant charged the appellant with impersonating a federal officer. This charge arose out of an incident in-

volving a fraudulent check scheme. The charge was subsequently dismissed, not because the charge was invalid, but apparently for the reason that it was more expedient to try the appellant in Louisville.

The appellant was taken before a United States Commissioner on May 27th. On the 25th, the day after the arrest, he was interrogated by F.B.I. agents and signed a confession on the Detroit charge. This confession was not introduced into evidence but F.B.I. agent Powers testified to its contents. It is claimed on behalf of the appellant that this testimony should not have been admitted for the reason that the appellant was not taken before a commissioner without unnecessary delay, in compliance with Rule 5(a) of the Federal Rules of Criminal Procedure. This claim is based on the decisions of the Supreme Court in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. In these cases it was held that incriminating statements taken from an accused while he was illegally detained were not admissible.

■■■ No objection was made to the introduction of this evidence and the point was not raised at the trial or on motion for new trial. The question is raised for the first time on the supplemental brief of counsel for appellant. The evidence shows that the arrest was made at 6:30 p. m., on Friday, May 24th, and that the arraignment was made on Monday, May 27th. The statement in question was taken on Saturday, May 25th. There is nothing in the record to show that a commissioner was available during this time. The record on appeal cannot be supplemented in this Court and we cannot accept the affidavit of Agent Powers as to the availability of a commissioner. The evidence does not show that the appellant was illegally detained under the decisions of McNabb and Mallory, supra, and there is no claim that the confession was coerced. The evidence was admissible for the purpose of show-

ing motive and intent. Under instruction of the trial judge, it was so limited.

■■■ Another objection made on behalf of appellant is that self-incriminating statements were admitted in evidence which were taken in the absence of appellant's counsel. At the arraignment before the commissioner, on May 28th, the appellant was represented by attorney F. Arnold Greever, Jr. On the following day, the appellant signed a confession of guilt on the three checks which are the subject of the prosecution now before the Court. On several days following this, he confessed to various other check operations throughout the country. When this confession was submitted to him in writing, he refused to sign it because the F.B.I. agents had not made arrangements for his wife to visit him in jail in accordance with an alleged promise. The signed confession was admitted in evidence and testimony was admitted on the oral self-incriminating statements concerning offenses in other cities. Objection to this testimony was made at the trial, on the ground that the statements were taken contrary to law. It is claimed by counsel in his brief that F.B.I. agents sought permission from Mr. Greever to interrogate the appellant and that this permission was denied. This does not appear in the record of the trial. The appellant signed an affidavit to this effect which is attached to the motion for new trial. This statement of the appellant is purely hearsay. He does not say that he heard this request by Mr. Powers and the denial of it by Mr. Greever. Mr. Greever is now deceased. Affidavits of F.B.I. agents with reference to this request cannot be considered as a part of the record on appeal. Counsel argues that the signed confession and the incriminating statements were inadmissible for the reason that they were taken when appellant's counsel was not present and that they were coerced through the bargaining of the plaintiff to see his wife.

In a previous hearing before this Court, the case was remanded to the District Court (United States v. Collins, 6

Cir., 335 F.2d 547) for a determination of whether this confession and the incriminating statements were within the ambit of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed. 246. The trial court did not have this decision before it at the time of the trial and the case was remanded to the trial court to reconsider the admission of this testimony in the light of that decision.

Upon remand the court said in an order dated August 14, 1964:

"Massiah approves the rule followed by the New York courts, 'Any secret interrogation of the defendant, from and after the finding of the indictment, without the protection afforded by the presence of counsel, contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime.' It does not go so far as to prevent the introduction of voluntary extra-judicial statements made by a defendant in the absence of counsel prior to indictment."

\*　　\*　　\*　　\*　　\*

"Since the defendant was not under indictment at the time he was interrogated and since as shown by the transcript he was fully advised before being interviewed of all his constitutional rights including his right to counsel and since as shown his confession was voluntarily made it follows that his extra-judicial statements were admissible on the trial of this case and the judgment as entered must stand."

It might be pointed out further that in the Massiah case the incriminating statements were taken secretly by radio transmitter, through the cooperation of the defendant's co-defendant and without the defendant's knowledge or consent. We agree with the conclusion of the trial judge that the confession and incriminating statements complained of were admissible.

■ Another assignment of error is that the trial judge erred in not ordering a mistrial because of certain testimony of David C. Powers, an F.B.I. agent. Counsel for appellant had repeatedly used the term "solitary confinement" in connection with the appellant's confinement in jail after his arrest. This term was obviously used to create sympathy for the appellant and to make it appear that he was mistreated and that confessions and statements were taken under such circumstances. The evidence shows that the appellant was not in "solitary confinement" as that term is generally understood. Webster's New World Dictionary, College Edition (1959), defines the term: "Confinement of a prisoner in a place separate from all other prisoners so that he has contact with no human being other than his jailers; usually a form of extra punishment for misconduct."

According to the evidence, appellant was locked in a cell by himself for about fifteen days. This cell was on the walk where people walked back and forth. He could see and talk to people. The prosecutor attempted to clear up this misconception of "solitary confinement" and on redirect-examination asked agent Powers why he was put in this cell. Mr. Powers answered that appellant's relatives thought he might hurt himself, that is, that he might have suicidal tendencies, and that someone said the appellant might have homosexual tendencies. An objection was made to this testimony but there was no motion for a mistrial. The trial judge promptly instructed the jury not to consider the answer of the witness. Strategy is one of the tools of a trial lawyer. But when he attempts to create an erroneous impression he opens the door for an explanation by his adversary. Upon consideration of the evidence as a whole, we think no substantial rights of the appellant were affected. Rule 52(a) Federal Rules of Criminal Procedure.

Finally, it is argued that appellant's pleas of guilty in criminal actions numbered 26222, 26224, 26225 and 26227, all cases of the government versus Omar Collins, were not made voluntarily with a full understanding of the consequences.

These were criminal cases transferred from other jurisdictions under Rule 20, Federal Rules of Criminal Procedure and they are not before us on this appeal. In fact, we denied a motion to amend the notice of appeal to attempt to include them. Rule 20 cases, so called, can only be transferred at the request of a defendant and can only be disposed of by the transferee court on pleas of guilty by the defendant. The record of sentencing in the case before us shows that this was all adequately explained to the appellant and that the transfers were made upon his request and for his benefit.

The Court wishes to express its appreciation to Mr. John J. Cowan for accepting appointment by the Court to represent the appellant on this appeal.

The judgment of the District Court is affirmed.