**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vera VALAVANIS and Seymour Gordon,
Defendants-Appellants.**

**No. 81–3190.**

United States Court of Appeals,
Sixth Circuit.

Argued May 6, 1982.

Decided Sept. 28, 1982.

Charles B. Lazzaro, Lazzaro, Giusto & Lazzaro, Cleveland, Ohio, for defendants-appellants.

Kenneth S. McHargh, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before KEITH and MERRITT, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

MERRITT, Circuit Judge.

Defendants appeal their convictions of four counts of mail fraud, 18 U.S.C. § 1341, on the grounds that the trial judge erred by denying a motion for judgment of acquittal

---

* The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the — Second Circuit, sitting by designation.

and that the verdict was against the manifest weight of the evidence. They were charged with engaging in activities which amount to a fraud against the Ohio Lottery Commission (OLC) and using the mails in furtherance of the fraud. We find that the evidence supports the convictions; and, therefore, we affirm.

Defendant Vera Valavanis was the Drawing Director for the OLC. Her responsibilities included supervising the drawings in accordance with the lottery rules and regulations. Defendant Seymour Gordon was charged with aiding and abetting Ms. Valavanis in the scheme to defraud the lottery commission.

The OLC operated several games in which a few tickets would be selected in a preliminary round and then become eligible for big cash prizes in subsequent drawings. The name and address of the entrant was shown on the back side of tickets submitted for each of these games. If a ticket was selected in a preliminary drawing and became eligible for additional winnings the entrant was required to provide additional identifying information to the Commission. Ohio lottery regulations prohibited an employee of the lottery commission from purchasing and entering lottery tickets. Moreover, Ms. Valavanis, as Drawing Director, was obligated to notify her superiors if a ticket of an individual related to her was selected. In such a case the tickets would have been disqualified.

The appellants admit that Ms. Valavanis violated OLC regulations by purchasing and entering a number of lottery tickets either in an alias of the appellant Gordon or alternatively in the name of a friend of Gordon's. These tickets were selected in preliminary rounds, apparently against great odds, and checks amounting to more than $17,000 were mailed. The appellants were guaranteed to win an additional $15,000 and possibly as much as two million dollars in final drawings. Before the final drawing was held Ms. Valavanis was replaced as Drawing Director and irregularities with the entries were discovered. Consequently, these tickets were removed from the final drawing and no additional prize money was paid out. There was evidence that during the course of these contests the appellants supplied false information to the OLC concerning the entries. Although Ms. Valavanis now admits that the tickets were entered by her in contravention of the OLC regulations, she failed to make such a disclosure during the course of the contests. The four counts upon which the appellants were convicted were based on the mailing of prize money to the winners.

The appellants argue that the trial court erred by rejecting the motion for acquittal on the grounds that the evidence was insufficient to sustain a conviction. The appellants argue that the government must prove that there was *actual* injury by fraud or misrepresentation to support a conviction under the mail fraud statute and that the government in fact failed to prove even the existence of any scheme designed to defraud the OLC. The government argues that actual injury need not be shown in a mail fraud case and that in any event actual injury was shown because the OLC was defrauded of the honest and faithful service of its employee.

 A conviction under the mail fraud statute does not require proof of *actual* injury. The elements of the crime "are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme." *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). The first element is satisfied by proof of the intent to execute a scheme to defraud; it does not require that the scheme be completed or successfully carried out. *United States v. Regent Office Supply Co.,* 421 F.2d 1174, 1180 (2d Cir. 1970); *Blachly v. United States,* 380 F.2d 665, 673 (5th Cir. 1967); *United States v. Lea,* 618 F.2d 426, 429 n. 3 (7th Cir. 1980); *United States v. Barta,* 635 F.2d 999, 1005 n. 14 (2d Cir. 1980); *United States v. Bane,* 433 F.Supp. 1286, 1290 n. 6 (E.D. Mich.), *aff'd.* 583 F.2d 832 (6th Cir. 1978); *United States v. Pearlstein,* 576 F.2d 531, 542 (3d Cir. 1978); *United States v. Reicin,* 497 F.2d 563, 571 (7th Cir. 1974); *United States v. Reid,* 533 F.2d 1255, 1261 (D.C. Cir. 1976).

We need not decide whether a scheme to deprive an employer of the honest and faithful services of an employee,[1] or to deprive citizens of the honest and faithful services of a public official,[2] can constitute fraud for the purpose of the mail fraud statute. In the instant case the appellants engaged in a scheme to violate the lottery rules for the apparent purpose of winning lottery prize money illicitly. The fraudulent entries would have been disqualified if it had been known that they were entered in violation of OLC regulations; instead, more than $17,000 was paid out in prize money for the tickets entered by the appellants. Clearly the government proved that a fraud on the OLC and the citizens of Ohio was perpetrated.

The government did not prove the means utilized by Ms. Valavanis to actually select the tickets which she fraudulently entered, nor did the government prove, by statistical evidence, the odds against selection of her own entries. The defendants argue that without such evidence the government's case must fail. However, such evidence was not essential to the government's case. The fraud was committed in the acts of purchasing and entering improper lottery tickets, the misrepresentations made for the purpose of submitting the entries, the active misrepresentations made to prevent discovery of the fraud and in Ms. Valavanis' breach of her duty to disclose her interest in the tickets. But for these acts the prize money would not have been mailed.

The evidence against the defendant Gordon is circumstantial but sufficient to infer his direct participation in the scheme. Gordon had an intimate relationship with Ms. Valavanis throughout the period covered by the indictment. Gordon was the entrant in two of the games, which gave rise to three counts of his conviction, under aliases and in another game the entrant was a personal friend of Gordon's who was unknown to Valavanis. When the winning tickets were selected Gordon misrepresented his name, address and occupation on lottery identification forms.

Finally, it is clear that the mail was used in furtherance of the scheme. Checks in the amounts of $100, $1,000, $5,000 and $11,000 were mailed to the addresses of the winning ticket holders. This constitutes a sufficient use of the mails to support the conviction. The Sixth Circuit has recognized that "it is not necessary that the false representations were themselves transmitted by mail .... It is sufficient that the use of the mails was caused by the defendant in furtherance of his fraudulent scheme." *United States v. Lichota*, 351 F.2d 81, 89 (6th Cir. 1965), *cert. denied*, 382 U.S. 1027, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966), *quoting United States v. Sorce*, 308 F.2d 299, 301 (4th Cir. 1962), *cert. denied*, 377 U.S. 957, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964).

Accordingly, the mail fraud convictions of the defendants are affirmed.

---

1. *United States v. Bryza*, 522 F.2d 414 (7th Cir. 1975), *cert. denied*, 426 U.S. 912, 96 S.Ct. 2237, 48 L.Ed.2d 837 (1976); *United States v. George*, 477 F.2d 508, 512 13 (7th Cir.), *cert. denied*, 414 U.S. 827, 94 S.Ct. 49, 38 L.Ed.2d 61 (1973); *United States v. Proctor & Gamble Co.*, 47 F.Supp. 676 (D. Mass. 1942); *See United States v. Hasenstab*, 575 F.2d 1035 (2d Cir.), *cert. denied*, 439 U.S. 827, 99 S.Ct. 100, 58 L.Ed.2d 120 (1978).

2. *United States v. Pintar*, 630 F.2d 1270, 1279–80 (8th Cir. 1980); *United States v. Diggs*, 613 F.2d 988, 998 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 838 (1980); *United States v. Brown*, 540 F.2d 364, 374 (8th Cir. 1976); *United States v. Isaacs*, 493 F.2d 1124 (7th Cir.) *cert. denied sub nom. Kerner v. United States*, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974); *Shushan v. United States*, 117 F.2d 110 (5th Cir.), *cert. denied*, 313 U.S. 574, 61 S.Ct. 1085, 85 L.Ed. 1531 (1941).