**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dr. Odis STRONG, Rosie Galloway and Mary Mitchell, Defendants-Appellants.**

**Nos. 80–5505 to 80–5507.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1983.

Decided March 15, 1983.

Kemper Durand (argued), Memphis, Tenn., for defendant-appellant in No. 80–5505.

Anthony J. Sabella (argued), Memphis, Tenn., for defendant-appellant in No. 80–5506.

John A. Donald (argued), Memphis, Tenn., for defendant-appellant in No. 80–5507.

W. Hickman Ewing, U.S. Atty., Daniel A. Clancy, Arthur Kahn (argued), Asst. U.S. Attys., Memphis, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

A federal grand jury returned a seventeen count indictment against defendants, Dr. Odis Strong, Rosie . Galloway, Mary Mitchell, and several others on March 27, 1980. The indictment charged defendants with sixteen counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341, and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. The jury returned verdicts of guilty against all three defendants. Dr. Strong was found guilty on eight counts of mail fraud and one count of conspiracy to commit mail fraud. Rosie Galloway was found guilty on eight counts of mail fraud and one count of conspiracy to commit mail fraud. Mary Mitchell was found guilty on five counts of mail fraud and one count of conspiracy to commit mail fraud.

Chief District Judge Robert M. McRae, Jr., sentenced Dr. Strong to five years of imprisonment. Rosie Galloway was sentenced to nine months imprisonment, followed by three years probation. Mary Mitchell was sentenced to six months imprisonment, followed by two years probation. All other defendants named in the indictment entered pleas of guilty before or during the trial.

The principal contention of appellants is that the evidence was insufficient to support the jury verdicts. We conclude that the verdicts are adequately supported, and affirm the convictions.

I

During the spring of 1977, Eddie Galloway, William James and Frank Webb, along with others, devised a scheme to stage phony automobile accidents in Memphis, Tennessee, with a view toward faking injuries and procuring from a number of insurance companies payments for hospital and medical treatments never actually needed or rendered. On May 8, 1977, an accident was staged, with Eddie Galloway running his car into a vehicle owned by Frank Webb.

Although Eddie Galloway and Frank Webb were the only persons present at this staged accident, Galloway, along with Marilyn Webb (Frank's wife), Shirley Franklin (Frank's sister), and William James went to appellant, Dr. Strong, for alleged medical treatment and to secure the proper documentation to submit to various insurance companies. Apparently, appellant Strong's services were sought because Frank Webb previously had seen Dr. Strong in connection with another accident, in which Dr. Strong agreed to inflate medical costs by charging for services not actually rendered. Additionally, the record demonstrates, through the testimony of a former employee of Dr. Strong, that other accident patients had been billed for fictitious services to inflate their medical claims.

Prior to the second staged accident (the subject of the present appeal), two events occurred. First, Velma James, Dr. Strong's secretary and wife of William James, informed Dr. Strong that the May accident had been faked. Second, prior to the second accident, Eddie and Rosie Galloway obtained eight personal injury and accident insurance policies in addition to the policies they already held.

Frank Webb and Harold Miller testified that on August 17, 1977, soon after the May accident, they and Eddie Galloway planned the second phony accident. Frank Webb testified that he called appellant, Mary Mitchell, and invited her to join in the scheme, as she previously had requested to be "in on" a phony accident. At the second staged accident, a truck, owned and operated by Eddie Galloway, with Frank Webb as a passenger, was hit by a Hertz rental car, rented by William James, who was not present at the scene, but driven by Harold Miller with Mary Mitchell as the sole passenger. An accident report, completed by the police summoned to the site of the accident, listed Eddie and Rosie Galloway as the only persons injured; that they complained of pain but there was no visible injury.

After the accident, Frank Webb, Eddie and Rosie Galloway and Harold Miller, sought the services of appellant, Dr. Strong. Subsequently, they were admitted to Mid-South Hospital. At trial, Frank Webb testified that upon his request Dr. Strong inflated his medical bill. The record also shows that Frank Webb, Harold Miller, and Eddie and Rosie Galloway were transported from the hospital to Dr. Strong's office for alleged medical testing, but that no tests were performed or treatments given, and the group merely sat in the office without seeing Dr. Strong. Dr. Strong charged $1,540.00 for this visit.

As for appellant Mary Mitchell, the record shows that she never sought medical treatment from Dr. Strong. Rather, Velma James, Dr. Strong's secretary, testified that appellant Mitchell paid her $250 to falsify medical bills and insurance documents. Such items were completed by Velma James, who had Dr. Strong's authorization to sign his name on such documents, and subsequently were submitted to appellant Mitchell's insurance company.

Upon securing the required documentation from Dr. Strong and Velma James, appellants submitted their various claims for personal injuries, medical expenses and other items to the appropriate insurance companies. There is no credible dispute that the United States mail service was used in submitting the fraudulent claims. Several claims were settled and paid by the insurance companies before the fraudulent scheme was uncovered.

## II

■ On appeal from a criminal conviction, the standard of review is whether the relevant evidence could be accepted by a reasonably minded jury as adequate and sufficient to support the conclusion of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *United States v. Meyers,* 646 F.2d 1142, 1143 (6th Cir.1981). The evidence is to be viewed in the light most favorable to the Government. *Jackson, supra,* 443 U.S. at 319, 99 S.Ct. at 2789; *Glasser v. United States,* 315 U.S. 60,

80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *Brewer v. Overberg,* 624 F.2d 51, 53 (6th Cir.1980), *cert. denied,* 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981). Further, every reasonable inference from the evidence must be drawn in the Government's favor. *Jackson, supra,* 443 U.S. at 319, 99 S.Ct. at 2789; *United States v. Daniels,* 527 F.2d 1147, 1149 (6th Cir.1975); *United States v. Wolfenbarger,* 426 F.2d 992, 994 (6th Cir.1970).

A conviction of mail fraud pursuant to 18 U.S.C. § 1341, does not require proof of actual injury. *United States v. Valavanis,* 689 F.2d 626, 627 (6th Cir.1982). To support the conviction there must be (1) a scheme to defraud, and (2) the use of the mail service for the purpose of executing the scheme. *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). It is not required that the party charged actually transmit the false representations by mail, *United States v. Talbott,* 590 F.2d 192, 195 (6th Cir.1978); rather, "[i]t is sufficient that the use of the mails was caused by the defendant in furtherance of [the] fraudulent scheme." *United States v. Lichota,* 351 F.2d 81, 89 (6th Cir.1965), *cert. denied,* 382 U.S. 1027, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966), *quoting United States v. Sorce,* 308 F.2d 299, 301 (4th Cir.1962), *cert. denied,* 377 U.S. 957, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964). *See Valavanis, supra,* 689 F.2d at 628.

As to proof of conspiracy under 18 U.S.C. § 371, it is necessary to show only that (1) the conspiracy was willfully formed and was existing at or about the time alleged; (2) that the accused willfully became a member of the conspiracy; (3) that at least one of the conspirators thereafter knowingly committed at least one of the overt acts charged; and (4) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy. *Meyers, supra,* 646 F.2d at 1143–44.

### III

On appeal, appellant Dr. Strong makes the following contentions:

1. The evidence was insufficient to sustain a conviction for mail fraud;

2. The evidence was insufficient to sustain a conviction for conspiracy to commit mail fraud;

3. The district court erred in allowing testimony concerning the May accident;

4. The district court erred in denying the motion for a Bill of Particulars; and

5. The district court erred in failing to give a requested jury instruction.

We have considered all of these contentions and find them to be completely without merit.

Appellant Mary Mitchell raises the following issues on appeal:

1. The district court erred in denying a motion for judgment of acquittal or, in the alternative, for a new trial, based upon the insufficiency of the evidence;

2. Appellant was prejudiced by the Government's failure to give notice of its intent to use as evidence similar acts involved in the May accident;

3. The district court erred in denying the motion for a Bill of Particulars;

4. The district court committed prejudicial error in admitting into evidence a recorded conversation between appellant and Frank Webb, who consented to the recorded conversation; and

5. Appellant was prejudiced by trial publicity.

Upon review of the record, we conclude that each assignment of error raised by appellant Mitchell is completely without merit.

Appellant Rosie Galloway contends that the Government did not carry its burden of proof to show that she willfully participated in the fraudulent scheme, or in conspiracy with others, to violate the mail fraud law. We find this contention to be completely without merit.

Accordingly, the convictions as to all the appellants are affirmed.