767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
LARRY WILLIAM STEWART, DEFENDANT-APPELLANT.
 NO. 84-5788
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 E.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: Engel and Keith, Circuit Judges; and Celebrezze, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant-appellant Larry Stewart was indicted along with others for conspiring to steal 850 cases of candy, for theft of the candy, and for possession of stolen property. A jury convicted Stewart of all three charges; Stewart was sentenced to a prison term and was ordered to make restitution. On appeal, Stewart asserts that his conviction is not supported by substantial evidence, that the trial court gave improper jury instructions, that he was deprived of a fair trial because a juror fell asleep, and that the restitution statute, 18 U.S.C.A. Sec. 3579 (West Supp. 1985), is unconstitutional. After considering carefully each argument raised by Stewart, we affirm the convictions and the order of restitution.
 
 
 2
 Initially, we will determine if substantial evidence supports the convictions. One member of the conspiracy, Freddie Barbree, testified that he parked a large truck containing the stolen candy in the parking lot of Stewart Manufacturing Company, which belonged to Stewart's family. Barbree then contacted David Rhodes and agreed to sell the candy to Rhodes for $5,000. In order to make the delivery, Barbree enlisted the aid of his two sons and Stewart to load the candy into another truck. According to Barbree's testimony, Stewart knew at the time the candy was transferred from one truck to another that it was stolen. Barbree testified further that he, his sons, and Stewart took more than one load to a location given to him by Rhodes and that he split the payment with Stewart. Rhodes also testified that Barbree gave Stewart a portion of the money. In contrast, Stewart testified that he helped Barbree unload the candy but that he was unaware that it was stolen. Stewart also challenged the testimony of witnesses that saw him enter Rhodes' house.
 
 
 3
 Although conflicting testimony was produced at trial, when it is viewed in the light most favorable to the Government, United States v. Strong, 702 F.2d 97, 99 (6th Cir. 1983), it is clearly sufficient to sustain the convictions.
 
 
 4
 Stewart next asserts that a portion of the district court's jury instructions were improper and prejudicial. The challenged portion of the instructions are as follows:
 
 
 5
 The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him; thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all reasonable doubt. It is only required that the government's proof exclude any reasonable doubt concerning a defendant's guilt.
 
 
 6
 A reasonable doubt is a real doubt based upon reason and common sense, after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to react upon it without hesitation in the most important of your own affairs. (emphasis added).
 
 
 7
 The defendant failed to object to the instructions and, therefore, we will review their adequacy under the plain error standard. Fed. R. Crim. p. 52(b).
 
 
 8
 The Government concedes that the district court incorrectly instructed the jury that 'a defendant's guilt [need not] be proved beyond all reasonable doubt.' By itself, we agree that the charge might constitute plain error. However, we must view the instructions in their entirety and in context. Cupp. v. Naughten, 414 U.S. 141, 146-47 (1973).
 
 
 9
 [A] misstatement in one part of the charge does not require reversal if elsewhere in the instruction the correct information is conveyed to the jury in a clear and concise manner so that it is unlikely that an erroneous impression would remain in the minds of the jurors.
 
 
 10
 United States v. Pope, 561 F.2d 663, 670 (6th Cir. 1977). In reviewing the jury instructions in their totality, we find that the court instructed the jury properly that the government must establish its case beyond a reasonable doubt on at least twenty occasions. In light of such instructions, we conclude that the jury was not misled by the court's misstatement. We also conclude that, although the court's use of the phrase 'willing to react' is not preferred, it does not constitute plain error. United States v. Mars, 551 F.2d 711, 716 (6th Cir. 1977).
 
 
 11
 Next, Stewart asserts that the district court improperly amended the indictment to put him on trial for offenses not charged by the grand jury when it instructed the jury that 'the first count [of the indictment] then continues by charging that in furtherance of this conspiracy, the defendant committed some eight overt acts.' According to Stewart, this instruction constructively amended the indictment since the conspiracy count alleged that he participated in only one of the eight overt acts. We disagree. A defendant may not be tried on charges not set forth in the indictment, see Stirone v. United States, 361 U.S. 212, 217 (1960), and, therefore, constructive amendment of an indictment is prejudicial, United States v. Beeler, 587 F.2d 340, 342 (6th Cir. 1978). However, we do not believe that any change in the indictment was made in this case. First, we note that overt acts are not charges; Stewart was charged with conspiracy, not the overt acts. In fact, the overt act required to complete a conspiracy need not itself be illegal. United States v. Rabinowich, 238 U.S. 78, 86 (1915). Second, an indictment need not allege that each co-conspirator engaged in an overt act; the overt act may be that of any conspirator. Braverman v. United States, 317 U.S. 49, 53 (1942); McMurray v. United States, 298 F.2d 619, 622 (10th Cir. 1961), cert. denied, 369 U.S. 860 (1962). Thus, if any one of the eight overt acts alleged were proved (even an act in which Stewart played no direct part) his conviction for conspiracy could be sustained. Accordingly, the challenged instruction did not constructively amend the indictment.
 
 
 12
 Stewart contends also that he was deprived of a fair jury trial because a juror allegedly slept during a portion of the trial. Stewart's allegation of a sleeping juror is buttressed by three affidavits attached to his brief, all of which recite that they observed a juror who 'was sound asleep during substantial portions of the trial.' These affidavits are not part of the record below and, therefore, cannot be considered by this Court. United States v. Allen, 522 F.2d 1229, 1235 (6th Cir. 1975), cert. denied, 423 U.S. 1072 (1976); United States v. Collins, 349 F.2d 296, 298 (6th Cir. 1965). Moreover, there is no evidence in the record to support Stewart's allegation that a juror slept through substantial portions of the trial. This claim is utterly unfounded.
 
 
 13
 Finally, Stewart argues that the restitution statute, 18 U.S.C. Sec. 3579, violates the Seventh Amendment since it permits imposition of a civil judgment without a jury and denies one against whom judgment is rendered due process. This Court has recently upheld the constitutionality of this statute on both of the grounds challenged by Stewart. United States v. Durham, 755 F.2d 511 (6th Cir. 1985) (restitution statute violates neither Seventh Amendment guarantee of a jury trial nor the Fifth Amendment's due process clause); see also United States v. Watchman, 749 F.2d 616 (10th Cir. 1984) (Seventh Amendment); United States v. Satterfield, 743 F.2d 827 (11th Cir. 1984) (Fifth and Seventh Amendments). Accordingly, this contention is without merit.
 
 
 14
 In light of the foregoing discussion, we affirm Stewart's conviction and the order of restitution.[1]
 
 
 
 [1]
 Stewart also challenges the introduction of certain evidence. After considering the admissibility of each piece of evidence, we conclude that no abuse of discretion occurred