895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Marvin STONE, Defendant-Appellee.
 No. 88-5445.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Marvin Stone appeals the district court's denial of a petition for writ of error coram nobis. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On May 8, 1982, the United States filed an indictment against defendant Stone and two co-defendants, Edwin Driggers and Roy Cornelius, charging them with conspiracy to defraud individuals who formed limited partnerships in order to invest in tax shelter programs in violation of 18 U.S.C. Sec. 371 and with three counts of mail fraud in violation of 18 U.S.C. Sec. 1341. Driggers and Stone were found guilty by a jury on all counts.
 
 
 3
 Stone received a three year sentence and a fine of $10,000 on the conspiracy conviction and suspended concurrent five year sentences on each of the mail fraud convictions. Stone appealed his conviction to this Court. The Court affirmed the decision of the district court. See United States v. Stone, 748 F.2d 361 (6th Cir.1984).
 
 
 4
 After the Supreme Court issued its opinion in McNally v. United States, 483 U.S. 350 (1987), defendant filed a petition for writ of error coram nobis on the grounds that McNally required reversal of his conviction for mail fraud. The district court rejected defendant's assertion that he was convicted under an intangible rights theory, and refused to vacate his sentence in light of McNally.
 
 
 5
 On February 8, 1988, defendant filed his notice of appeal of the district court's decision. On November 4, 1988, this Court upon sua sponte consideration, held these proceedings in abeyance pending a decision in the case of United States v. Runnels, 877 F.2d 481 (6th Cir.1989) (en banc). In Runnels, this Court examined the issue of whether Runnels' conviction under the mail fraud statute, 18 U.S.C. Sec. 1341, could be upheld in light of the McNally case. On June 23, 1989, this Court issued its decision on rehearing in Runnels, finding that McNally required reversal of Frank Runnels' conviction. Shortly thereafter, the Court directed the parties in the instant case to file supplemental submissions addressing the impact of Runnels on this appeal.
 
 II.
 
 6
 Stone argues that the Supreme Court's holding in McNally and and this Court's decision in Runnels require a reversal of his conviction for mail fraud. In McNally, the Supreme Court held that the federal mail fraud statute, 18 U.S.C. Sec. 1341, in proscribing schemes " 'to defraud' or 'for obtaining money,' " was directed only to violations " 'wronging one in his property rights....' " 483 U.S. at 358. The McNally defendants were charged with violating Sec. 1341 by devising a scheme to defraud the Commonwealth of Kentucky's citizens and government of certain "intangible rights," such as the right to have the Commonwealth's affairs conducted honestly. 483 U.S. at 352. The Supreme Court reversed the defendants' convictions, ruling that 18 U.S.C. Sec. 1341 is limited in scope to protecting property rights and does not reach schemes to defraud individuals, the people, or the government of "intangible rights." Id. at 358-60. In so finding, the Court reversed the broad interpretation of the mail fraud statute that had been adopted by this Court and each of the other courts of appeals that had addressed the issue. Id.
 
 
 7
 In Runnels, as in the instant case, defendant appealed his mail fraud conviction to this Court on the grounds that the McNally decision dictated a reversal. The government in that case had proceeded against defendant on a theory that Runnels had engaged in a scheme to defraud union members of the right to have the business of the local conducted honestly. Runnels, 877 F.2d at 482. This Court, applying McNally, noted that Runnels was indicted and convicted solely on an intangible rights theory. On this basis the court reversed the decision of the district court and vacated Runnels' conviction for mail fraud. Id. at 490-91.
 
 
 8
 In the instant appeal, Stone contends that McNally and Runnels require the government to prove actual loss to those defrauded by the scheme. Specifically, Stone argues that he was essentially convicted under an intangible rights theory because none of the victims he allegedly defrauded testified at trial as having actually suffered any tangible loss. Defendant's argument presumes that the government is required to prove actual loss under the mail fraud statute. This Court has already held that proof of actual injury is not an element of the offense. In United States v. Valavanis, 689 F.2d 626 (6th Cir.1982), this Court stated:
 
 
 9
 A conviction under the mail fraud statute does not require proof of actual injury. The elements of the crime "are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme. Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). The first element is satisfied by proof of the intent to execute a scheme to defraud; it does not require that the scheme be completed or successfully carried out.
 
 
 10
 Id. at 627 (emphasis in original) (citations omitted). In addition, neither McNally or Runnels require the government to prove actual injury.
 
 
 11
 It is clear from a reading of the indictment that Stone was not indicted and convicted under an "intangible rights" theory in violation of McNally and Runnels. The theory alleged in the indictment is that Stone defrauded certain investors of the money they had invested in the tax-shelter scheme.[1] In addition, although the government was not required to prove actual loss, the trial record reveals that Stone actually received $80,000 in commissions for his participation in the scheme, money which came from investors in the scheme. Joseph Newey, one of those investors, testified that he and his partner Milo Nilson lost their investment of $13,300 and their expected tax deduction.
 
 
 12
 The Court finds appellant's arguments to be without merit. Accordingly, the opinion of the district court is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Count II of the indictment, which charges defendant, inter alia, with violations 18 U.S.C. Sec. 1341, provides in pertinent part:
 From on or about January 1, 1977 and continuing to on or about January 18, 1978, in the Eastern District of Kentucky and elsewhere outside the Eastern District of Kentucky,
 EDWIN DRIGGERS
 ROY K. CORNELIUS
 and
 MARVIN STONE
 did devise and intend to devise a scheme and artifice to defraud and obtain money by means of fraud and fraudulent pretenses, representations, and promises from certain individuals who formed limited partnerships for the purpose of investing in tax shelter programs, said partnerships being known as:
 Birch Associates
 Spruce Associates
 Hickory Associates
 well knowing at the time that the pretenses, representations, and promises would be and were false and fraudulent when made and which scheme and artifice so devised and intended to be devised by said defendants was as follows.... (Emphasis added.)